UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MCNEIL,** *et al.*, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>**YALE UNIVERSITY** *et al.*<br><br><br>    *Defendants.* | <br><br><br><br><br><br><br>No. 3:19-cv-00209-VAB<br><br><br>May 10, 2019 |

### SUBMISSION IN ADVANCE OF DISCOVERY CONFERENCE

Plaintiffs respectfully provide this submission to the Court in anticipation of the telephonic discovery conference scheduled for May 14, 2019, Dkt. No. 55, concerning the Motion for a Stay of Discovery that Defendant Yale University ("Yale") filed on May 6, 2017. Dkt. No. 52. As this submission is only intended to provide this Court with an overview of Plaintiffs' position for use during the Discovery Conference, Plaintiffs respectfully reserve their rights under L. Civ. R. 7(a)(2) and Dkt. No. 47 to file a formal opposition memorandum to Yale's Motion by May 28, 2019, should further briefing be required.

This "Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending." *Kollar v. Allstate Ins. Co.*, No. 3:16CV01927 (VAB), 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017). Yale's Motion fails to set forth any compelling reasons to deviate from this norm.

First, contrary to Yale's assertions, there should be no presumption that the Court will grant Yale's dismissal motion. Hardly a "threadbare recital[]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

1

the Complaint describes over a decade of fraternity-related misconduct at Yale, and states plausible claims against Yale for violations of Title IX, 20 U.S.C. §§ 1681 *et seq*, and Connecticut state law.

Second, by calling for a stay of *all* discovery, Yale forecloses reasonable discovery that can commence without a significant expenditure of time, money, and effort. The parties should be allowed to engage in the initial steps of discovery (e.g. serving document requests, exchanging certain policy documents), so that full discovery can proceed expeditiously following the Court's decision on the forthcoming dismissal motions. *See Kollar*, 2017 WL 10992213, at *2 ("[S]hould that [dismissal] motion be denied in due course the case will have to continue expeditiously. A stay is therefore inappropriate at this time.").

Third, contrary to Yale's representations, Plaintiffs will be prejudiced by a stay of discovery. Plaintiffs are part of a transitory college student population, and key witnesses may graduate or otherwise leave Yale University. Therefore, time is of the essence.

Accordingly, Plaintiffs respectfully request that the Court deny Yale's Motion for a Stay of Discovery.

/s/ *David Tracey*
David Sanford*
David Tracey*
Albert Powell*
Scott Sullivan*
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
dtracey@sanfordheisler.com
apowell@sanfordheisler.com
ssullivan@sanfordheisler.com
*admitted *pro hac vice*

        Daniel Schneider (CT Bar No. ct12308)
**SCHNEIDER LAW FIRM, LLC**
112 Broad St, Floor 1
Milford, CT 06460
Telephone: (203) 874-0030
Facsimile: (203) 878-0117
daniel@Schnieder-Law-Firm.com

*Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

      I certify that on this 10th day of May, 2019, a copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send a notice of filing to all counsel who are registered users. Notice of this filing will be sent to counsel for Wallace H. Campbell & Company via first class mail at the following address:

Alan R. Spirer, Esq.
830 Post Road East
P. O. Box 5201
Westport, CT 06881-5201

          */s/ David H. Tracey*
          David H. Tracey