## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA MCNEIL, ELIANA SINGER, and | : | 3:19-cv-00209-VAB |
| RY WALKER, on behalf of themselves and | : | |
| all others similarly situated, | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| Yale University; Yale Chapter of Alpha Delta Phi | : | |
| International, Inc.; Alpha Epsilon Pi, Epsilon | : | |
| Upsilon; Alpha Kappa Delta of Chi Psi; Delta | : | |
| Kappa Epsilon, Phi Chapter; Leo; Sigma Chi, | : | |
| Theta Upsilon Chapter; Sigma Nu Fraternity Beta | : | |
| Alpha Chapter; Sigma Phi Epsilon, Connecticut | : | |
| Delta Chapter; Zeta Psi, Eta Chapter; Alpha Delta | : | |
| Phi International, Inc.; Alpha Epsilon Pi | : | |
| Fraternity, Inc.; Chi Psi Fraternity; Delta Kappa | : | |
| Epsilon Fraternity; Sigma Alpha Epsilon | : | |
| Fraternity; Sigma Chi International Fraternity; | : | |
| Sigma Nu Fraternity, Inc.; Sigma Phi Epsilon | : | |
| Fraternity; Zeta Psi Fraternity, Inc.; Sig Ep | : | |
| Housing of Connecticut Delta, LLC; Wallace H. | : | |
| Campbell & Company, Inc.; 402 Crown LLC; | : | |
| 340 Elm, LLC; Mother Phi Foundation, Inc.; | : | |
| Connecticut Omega of Sigma Alpha Epsilon | : | |
| House Corporation; House Corporation of Sigma | : | |
| Chi at Yale I; High Street Housing Corporation; | : | |
| ZP Nutmeg Associates Inc. | : | |
| *Defendants* | : | MAY 29, 2019 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY 402 CROWN, LLC

402 Crown, LLC ("402") is a Connecticut corporation that rents a portion of a structure

to seven individuals for residential purposes who are alleged to be members of a fraternity and

students at Yale University.  This Motion seeks to dismiss the complaint as far as it relates to

402 as a defendant pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6) because the complaint lacks

sufficient facts to make it plausible the plaintiffs can demonstrate that 402 is liable to them.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

As background, 402 owns several residential properties in New Haven.  One of them, 45 Howe Street, has seven individuals that lease a residential space with seven bedrooms and is presumably the property the complaint characterizes as the fraternity "house" for Alpha Epsilon Pi, Epsilon Upsilon, a fraternity at Yale University.  The property has an additional four-bedroom residential space leased to members of a Yale sports team, a leased single bedroom space and a commercial space leased to Enterprise Rental Car.  The portion of the building leased to the seven individuals will be referred to as the "subject property" or the "house," even though it is only a portion of the structure and is not a house.

The amended complaint in this case makes far and wide-ranging claims as to a multitude of defendants.  It would be illogical to repeat every allegation made against every defendant in this motion.  It is not perfectly clear in the amended complaint, but it appears that as to 402 the following facts, legal conclusions and causes of action are alleged:

- 402 owns real property in New Haven and leases living space in it to individuals who are members of Alpha Epsilon Pi, Epsilon Upsilon, a fraternity and local chapter of the national fraternity Alpha Epsilon Pi Fraternity, Inc. for their mutual benefit. (¶¶ 32, 53).

- 402 operates in concert with Alpha Epsilon, Epsilon Upsilon and Alpha Epsilon Pi Fraternity, Inc. to engage in discriminatory and unlawful practices.  (¶ 60).

- Various plaintiffs attended parties sponsored by Alpha Epsilon Pi, Epsilon Upsilon, presumably at the property owned by 402. (¶¶ 110, 115).

- "Upon information and belief" Alpha Epsilon Pi, Epsilon Upsilon and Alpha Epsilon Pi Fraternity, Inc. exercise substantial control over the use of the property owned by 402. (¶ 158).

- "Upon information and belief" 402 has a separate rental agreement with each fraternity member who resides at the subject property.  (¶ 159).

- "Upon information and belief" 402 knowingly rents a property for use as a fraternity house.  (¶ 161).

- Alpha Epsilon Pi, Epsilon Upsilon, through 402, allows individual students, sororities and other student groups to host events at the subject property. (¶ 198).

- 402 violated C.G.S. § 46a-64c by refusing to rent, negotiate the rental of and otherwise made unavailable dwellings to the plaintiffs.  (¶ 270). An action is currently pending in the Connecticut Commission on Human Rights and Opportunities based on that violation.[1]

- 402 civil conspired with Alpha Epsilon Pi, Epsilon Upsilon and Alpha Epsilon Pi Fraternity, Inc. to discriminate, and "upon information and belief" agreed to use the subject property as a fraternity house and either solely rent to males or give preference to males. (¶ 280).

- 402 civil conspired with Alpha Epsilon Pi, Epsilon Upsilon and Alpha Epsilon Pi Fraternity, Inc. to refuse to rent, negotiate the rental of and otherwise make unavailable dwellings to the plaintiffs.

**LEGAL STANDARD:**

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] There are pending joint requests to release jurisdiction from the CHRO for all individual plaintiffs as to complaints against 402 and the CHRO has released jurisdiction for Engender's claims against 402.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted)). While the Court must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims...." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "Iqbal, 556 U.S. at 678 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp*, supra, at 557. (citations and internal quotation marks omitted).

Judge Bryant set out the approach a Court should use when reviewing a complaint when a motion to dismiss is filed claiming the complaint lacks sufficient facts:

> In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir.2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.' "Id. (quoting *Iqbal,* 556 U.S. at 679). "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citations and internal quotations omitted).

*Mpala v. Gateway Cmty. Coll.*, No. 3:13-CV-01114 VLB, 2014 WL 2048584, at *4 (D. Conn. May 19, 2014).

Under Fed. R. Civ. P. 8(a)(2) a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (internal citations, quote marks and alterations omitted). *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir., 1988).

## ARGUMENT:

### A.   The Complaint Should Be Dismissed As To 402 Because It Lacks Specifics As To The Allegations Against 402

The most serious shortcoming of the amended complaint is that it never clearly alleges what the Plaintiffs think 402 did. It lumps all the property owners together, using the term "housing corporation." (¶ 50). The amended complaint then states when it uses the name of a particular fraternity it intends to include the national chapter and the owner of the property in which that fraternity is located. (¶ 60). If that is allowable it means that every allegation made against Alpha Epsilon Pi, Epsilon Upsilon is also made against 402. The complaint does not include 402 in the definition of "Defendant Fraternities," but if Alpha Epsilon Pi, Epsilon Upsilon is a "Fraternity Defendant," potentially the Plaintiffs intend to include 402 because when it refers to Alpha Epsilon Pi, Epsilon Upsilon it intends to include 402. This is simply an impermissibly confusing way to draft a complaint.

Although combining multiple defendants together when making factual allegations is often allowed, this case is not the typical case, and the differences between a local fraternity and a corporation that owns real property leased by members of the fraternity are obvious. Although the complaint alleges many housing corporations are substantially controlled by a fraternity (¶ 160), that is not the case with 402.  There is no affiliation between 402 and any fraternal organization. The complaint only alleges 402 knowingly rents property to Alpha Epsilon Pi for use as a fraternity house.  (¶ 161).  The difference between the direct actions of one defendant and the legal responsibility of a landlord leasing space to members of that defendant are significant.

When the amended complaint begins to discuss the actual counts that allege causes of action against 402, possibly at paragraph 256,[2] it realleges every prior paragraph.  Most of those allegations and facts have nothing to do with 402 and concern Yale University's actions or inactions and the specific actions of fraternities unaffiliated with 402.  This is just the type of pleading that "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  *Salahuddin,* supra.  There are approximately 29 separate defendants.  The Plaintiffs must realize that when so many different entities and individuals are named as defendants the plaintiffs have a duty to be specific as to each defendant and draft a complaint that allows that defendant to know what it has been accused of doing, not what everyone else has been accused of doing.  As drafted, 402 simply has no idea of what specific acts it is accused of doing, which is a violation of rule 8.

---

[2] Count 3, sounding in fair housing, states it is directed at all "Fraternity Defendants."  Whether or not that includes 402 is not clear.  As it is possible that count will be addressed.

**6**
**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

The practice of incorporating every single preceding paragraph into a count and then adding some vague legal conclusions is disfavored in the District of Connecticut:

> The court can conceive of no more direct violation of the requirement that the complaint contain more than conclusory statements divorced from factual allegations than those made in the S[econd] A[mended] C[omplaint]. See *Brandon v. City of New York*, 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010). The Complaint takes precisely the form rejected by many courts in this Circuit of, "briefly stat[ing] each cause of action in a conclusory manner, and insert[ing] a clause incorporating by reference all prior allegations in the complaint." *Jansson v. Stamford Health, Inc.*, No. 16-cv-260, 2017 WL 1289824, at *18 (D. Conn. Apr. 5, 2017) (citing *Moore*, 2011 WL 795103, at *7) (internal quotation marks omitted). This poor pleading is inexcusable in a counseled complaint—it is not the court's responsibility to parse through the SAC and tie the facts generally alleged to the specific elements of each of seven counts, nor must the court attempt to divine a cause of action from a general statement such as "the conduct of the PZC violated the Zoning Regulations...."
>
> Rule 8 requires the plaintiff to file a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff shows he is entitled to relief by setting forth a short and plain statement of facts that plausibly support the elements of the cause of action. See *Iqbal*, 556 U.S. at 678. The SAC does not accomplish this meager task, as it does not provide the individual defendants with any indication as to which of the claims are being brought against each defendant, based on what alleged conduct. Without this information, it is impossible for the defendants to defend themselves, as they are barely on notice of more than the specific zoning meeting at which they are alleged to have caused plaintiffs' harm. Because the SAC fails to plausibly state a claim for relief under Rule 8, the court grants the plaintiffs' Motion to Dismiss as to all counts in the SAC.

*Lowe v. Planning & Zoning Comm'n of the Town of Mansfield*, No. 16-CV-381 (JCH), 2017 WL 1375170, at *4 (D. Conn. Apr. 14, 2017.  See also *Jansson v. Stamford Health, Inc.*, No. 3:16-CV-260 (CSH), 2017 WL 1289824, at *18 (D. Conn. Apr. 5, 2017) ("…it is not up to the Court or to the Defendants to speculate which particular allegations might support Plaintiff's specific claims.").

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

As it stands, all of the facts alleged against Yale University's for its actions and failures, which are unrelated to a fair housing claim, are part of the allegations against 402. All of the actions of fraternities having no connection to 402 are included by reference. Fundamental fairness requires the present complaint be dismissed or amended so 402 knows of the specific allegations against it.

**B.   The Complaint Fails To Allege Sufficient Facts Against 402 To Establish A Plausible Fair Housing Violation**

Count Three sounds in violation of the federal Fair Housing Act. In order to state a claim under the FHA on a theory of disparate treatment, a plaintiff must allege that "(1) they are members of a class protected by the FHA; (2) they sought, and were qualified, to rent (or continue renting) the dwellings in question; (3) defendants refused to rent to the plaintiffs [or continue to rent to the plaintiffs]; and (4) the housing was put on the market or rented to other tenants." *Khalil v. The Farash Corp.*, 452 F.Supp.2d 203, 207–208 (W.D.N.Y.2006), aff'd 277 Fed.Appx. 81 (2d Cir.2008)(citing *Cabrera v. Jakabovitz*, 24 F.3d 372, 381 (2d Cir.), cert. denied, 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994)).

There are no factual allegations that any plaintiff ever tried to rent space in the subject property from 402 or that 402 ever denied any plaintiff living space in the subject property. There is no allegation or facts to show that any plaintiff was qualified to rent the subject property. There is no allegation or facts to show that the subject property was available for rent at any particular time and that the any plaintiff desired to rent it during that time. There is no allegation or facts to show that the subject property was put on the market or rented to other tenants after any plaintiff attempted to rent it. The only pleading requirement that the plaintiffs meet is that they are apparently members of a class protected by the FHA.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

Lacking factual allegations against 402 making it plausible the plaintiffs could succeed on a fair housing claim, the amended complaint should be dismissed.

Even if 402 is somehow the legal equivalent of Alpha Epsilon Pi, Epsilon Upsilon, there are no facts supporting an allegation of a violation of the FHA against that entity.[3]  In paragraph 128 it is alleged various individuals sent emails to fraternity presidents requesting to rush in early 2017, but did not email the president of Alpha Epsilon Pi, Epsilon Upsilon because the email address was unknown.  In paragraph 135 the complaint alleges McNeil emailed the president of Alpha Epsilon Pi, Epsilon Upsilon, but there is no indication any reply was received.

In paragraph 141 the complaint alleges Singer emailed the president of Alpha Epsilon Pi, Epsilon Upsilon requesting to rush in December 2018 and got no reply.  That appears to be the total factual basis specific to Alpha Epsilon Pi, Epsilon Upsilon for a violation of the Fair Housing Act and, to the extent such facts are attributable to 402, for 402's violation of the Fair Housing Act.  The failure of a fraternity president to respond to two emails is not evidence of discrimination in housing under the Fair Housing Act, especially with no allegation or facts to show the communications were received or read.

Somehow the Plaintiffs seek to extend that lack of response to the two emails into a fair housing claim against the landlord that rented the residential unit to persons in the same organization with the person from whom no response was received.  It is not alleged that the plaintiff emailed the unidentified fraternity president asking if she could obtain housing in the

---

[3] In that the complaint seems to argue that 402 is responsible for the actions of Alpha Epsilon Pi, Epsilon Upsilon, a defense of a co-defendant is offered.  This motion only does so to the extent there is some type of shared or vicarious liability alleged and is not intended to speak for the co-defendant.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

subject property containing the fraternity, only if she could rush the fraternity.  There is no

allegation that if she had been able to rush Alpha Epsilon Pi, Epsilon Upsilon, Singer would

have obtained housing in the building owned by 402.  There is no allegation that she met all the

criteria for membership absent gender, nor any allegation as to how many of the fraternity

members reside at the subject property, or that she would have been one of those fraternity

members living in the property.[4]  The plaintiffs do not even allege that only members of Alpha

Epsilon Pi, Epsilon Upsilon were allowed to live at the subject property or that 402 had a policy

of requiring all tenants in the space be male or even members of Alpha Epsilon Pi, Epsilon

Upsilon.

The facts alleged do not make it plausible that the plaintiffs can succeed on a fair

housing claim against 402.

## C.   The Complaint Fails To Allege Sufficient Facts Against 402 To Establish A Plausible Connecticut Fair Housing Violation

Count Four sounds in violation of the Connecticut Fair Housing Act, C.G.S. § 46a-64c.

In construing the Connecticut fair housing law Courts are guided by cases interpreting federal

fair housing laws.  *AvalonBay Communities, Inc. v. Town of Orange*, 256 Conn. 557, 591, 775

A.2d 284, 307 (2001).

The Connecticut fair housing law provides, "To discriminate against any person in the

terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

facilities in connection therewith, because of race, creed, color, national origin, ancestry, sex,

---

[4] The complaint alleges Alpha Epsilon Pi, Epsilon Upsilon has at least 53 members, (¶ 53), but no allegation that they all live at the subject property nor that fraternity membership entitles them to live at the subject property. There is no connection between rushing, or even acceptance into a fraternity, and obtaining housing.

gender identity or expression, marital status, age, lawful source of income, familial status or status as a veteran." C.G.S. § 46a-64c(a)(2). As argued above, there are no factual allegations that any plaintiff ever tried to rent a dwelling in the subject property from 402 or that 402 ever denied any plaintiff space in the property. There is no allegation that any plaintiff was qualified to rent the subject property. There is no allegation that the subject property was available for rent at any particular time and that a plaintiff desired to rent it. There is no allegation that the subject property was put on the market or rented to other tenants after any plaintiff attempted to or wanted rent it. The arguments above concerning the conduct of Alpha Epsilon Pi, Epsilon Upsilon are likewise applicable to any allegations made under the state fair housing law.

Just as allegations under the Federal Fair Housing Act must be dismissed, so must allegations under Connecticut fair housing laws.

**D.    There Are No Facts To Support A Cause Of Action For Conspiracy**

The Plaintiffs ask for damages under Connecticut's law against civil conspiracy. (Prayer for relief, section K). The cause of action is alleged In Count Five. "In order to survive a motion to strike a civil conspiracy count, the plaintiffs must properly allege: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) *Macomber v. Travelers Property and Casualty Corp*., 261 Conn. 620, 647, 804 A.2d 180 (2002).

The complaint simply states the legal conclusion that 402 was part of a conspiracy. It provides no details, no dates, no names or communications. It simply alleges the parties

conspired without a single allegation of an act in furtherance of the conspiracy. The only actual fact the complaint contains against 402 is that it knowingly rented a house to members of a fraternity. Lacking such factual predicates, it fails to make out a plausible claim of civil conspiracy.

Civil Conspiracy cannot stand by itself as a cause of action. "[T]here is no independent claim of civil conspiracy. Rather, [t]he action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself ... Thus, to state a cause of action, a claim of civil conspiracy must be joined with an allegation of a substantive tort." (Internal quotation marks omitted.) *Larobina v. McDonald*, 274 Conn. 394, 408, 876 A.2d 522 (2005). It is a way that a tort can be accomplished, not a tort in itself. The harm apparently alleged in Count Five is a violation of the fair housing laws alleged in other portions of the amended complaint. (¶ 280). As argued in this motion, those counts must be dismissed. Lacking those other counts, the civil conspiracy count must also be dismissed.

**E.  There are no facts to support a cause of Action for Discriminatory Practices under C.G.S. § 46a-64**

It is not at all certain there are allegations against 402 under the Connecticut law regulating discrimination in public accommodation. The complaint seems to make the allegations, but then points out the plaintiffs are waiting for a release of jurisdiction. Once again, this a confusing manner to draft a complaint. To the extent the complaint in its present form tries to make allegations against 402 on behalf of the individual complainants, it must be dismissed as they have not obtained a release of jurisdiction, even though there has been a joint request for such releases.

In accordance with General Statutes § 46a–100, a court lacks subject matter jurisdiction over a plaintiff's statutory claims of discrimination if no release of jurisdiction is obtained from the CHRO before the action is brought. *Hayes v. Yale–New Haven Hospital*, 82 Conn.App. 58, 59 n. 2, 842 A.2d 616 (2004). "Where a plaintiff initiates suit in the expectation or mere hope of later receiving the release, he or she violates the clear mandatory language of the statute and defeats the statutory scheme to limit suit in [the][S]uperior [C]ourt to circumstances where the agency initially charged with evaluating the claim (CHRO) has both determined it cannot resolve the claim in the immediate future ... and has already disposed of the administrative proceedings ... Such a plaintiff submits respondents, the court and the agency to dual, simultaneous proceedings before both the CHRO and [the] Superior Court, with attendant costs and inefficiency, and also effectively deprives [the] CHRO of its discretion in issuing releases to sue under § 46a–101(c)." *Franchina v. William Raveis Real Estate, Inc*., 51 Conn. L. Rptr. 39, 40 n. 4 (2010).

Even if the complaint was properly making such allegations, and the release of jurisdiction was not an issue, the amended complaint contains no facts to show 402 offered public accommodations.  Counts Six and Seven allege the fraternities offer public accommodations, including some facts as to specific fraternities, but there are no facts showing that 402 offers public accommodations.  There are not even any specific facts showing Alpha Epsilon Pi, Epsilon Upsilon, the fraternity 402 allegedly rents to, offered public accommodations.  Although the complaint alleges some fraternities made space available to specific groups, there is no allegation that 402 controlled any space that it could or did offer to the public.  Beyond that, there is no allegation that any plaintiff attempted to access a public accommodation offered by 402 and was refused or otherwise discriminated against.

Although the complaint alleges the fraternities are public accommodations and refused to allow the plaintiffs to join, there is no connection to 402 other than vague conclusions that 402 somehow controls Alpha Epsilon Pi, Epsilon Upsilon. That is not enough factual substance to make it plausible 402 is somehow responsible for any damages the plaintiffs suffered and that the plaintiffs can recover.

Additionally, Count Seven seems to allege discrimination in public accommodation through creation of a hostile environment- possibly a type of constructive discrimination. The Plaintiffs allege they "no longer feel comfortable attending fraternity parties." (¶ 302). The Defendant cannot locate a Connecticut case that holds it is discrimination in providing a public accommodation through the creation of a hostile environment rather than an actual refusal to provide goods or services. Moreover, there is no allegation that any sexual harassment took place at a party being held at the subject property. Even if there was, there is no connection between Alpha Epsilon Pi, Epsilon Upsilon's behavior in hosting a party and 402's ownership of the venue. The plaintiffs merely attempt to hold 402 guilty by implication because some other defendants, unconnected with 402, may have discriminated against the Plaintiffs or allowed inappropriate conduct to occur at a party they were hosting.

Lacking any facts specific to 402 making it plausible that 402 discriminated against the plaintiffs, counts six and seven, to the extent they are alleged against 402, should be dismissed.

## F.   Engender as An Association Does Not Have Standing To Make A Claim Under C.G.S. § 46a-64

C.G.S. § 46a-64 makes it a violation to deny any "person" public accommodation on the basis of a protected class. "Person" is not defined in the statute. Although it appears C.G.S. § 46a-64c, prohibiting discrimination in housing, allows an organization to be a plaintiff

consistent with precedent involving the Federal Fair Housing Act, there is no apparent legal authority allowing an organization to be a plaintiff in an action premised on C.G.S. § 46a-64. There is no allegation that Engender itself ever tried to secure, or was refused, public accommodation.  As such Engender lacks standing to make such a claim.  In addition, as argued above, the complaint lacks facts to set out a claim on behalf of the individual plaintiffs. These arguments apply equally to Engender as an entity.

**CONCLUSION:**

Therefore, 402 respectfully moves this Court to dismiss the complaint against it.  No count contains facts sufficient to make it plausible that 402 is liable to any plaintiff for any damage alleged.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA MCNEIL, ELIANA SINGER, and | : | 3:19-cv-00209-VAB |
| RY WALKER, on behalf of themselves and | : | |
| all others similarly situated, | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| Yale University; Yale Chapter of Alpha Delta Phi | : | |
| International, Inc.; Alpha Epsilon Pi, Epsilon | : | |
| Upsilon; Alpha Kappa Delta of Chi Psi; Delta | : | |
| Kappa Epsilon, Phi Chapter; Leo; Sigma Chi, | : | |
| Theta Upsilon Chapter; Sigma Nu Fraternity Beta | : | |
| Alpha Chapter; Sigma Phi Epsilon, Connecticut | : | |
| Delta Chapter; Zeta Psi, Eta Chapter; Alpha Delta | : | |
| Phi International, Inc.; Alpha Epsilon Pi | : | |
| Fraternity, Inc.; Chi Psi Fraternity; Delta Kappa | : | |
| Epsilon Fraternity; Sigma Alpha Epsilon | : | |
| Fraternity; Sigma Chi International Fraternity; | : | |
| Sigma Nu Fraternity, Inc.; Sigma Phi Epsilon | : | |
| Fraternity; Zeta Psi Fraternity, Inc.; Sig Ep | : | |
| Housing of Connecticut Delta, LLC; Wallace H. | : | |
| Campbell & Company, Inc.; 402 Crown LLC; | : | |
| 340 Elm, LLC; Mother Phi Foundation, Inc.; | : | |
| Connecticut Omega of Sigma Alpha Epsilon | : | |
| House Corporation; House Corporation of Sigma | : | |
| Chi at Yale I; High Street Housing Corporation; | : | |
| ZP Nutmeg Associates Inc. | : | |
| *Defendants* | : | MAY 29, 2019 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date first above a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894