## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA MCNEIL, ELIANA SINGER, and | : | 3:19-cv-00209-VAB |
| RY WALKER, on behalf of themselves and | : | |
| all others similarly situated, | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| Yale University; Yale Chapter of Alpha Delta Phi | : | |
| International, Inc.; Alpha Epsilon Pi, Epsilon | : | |
| Upsilon; Alpha Kappa Delta of Chi Psi; Delta | : | |
| Kappa Epsilon, Phi Chapter; Leo; Sigma Chi, | : | |
| Theta Upsilon Chapter; Sigma Nu Fraternity Beta | : | |
| Alpha Chapter; Sigma Phi Epsilon, Connecticut | : | |
| Delta Chapter; Zeta Psi, Eta Chapter; Alpha Delta | : | |
| Phi International, Inc.; Alpha Epsilon Pi | : | |
| Fraternity, Inc.; Chi Psi Fraternity; Delta Kappa | : | |
| Epsilon Fraternity; Sigma Alpha Epsilon | : | |
| Fraternity; Sigma Chi International Fraternity; | : | |
| Sigma Nu Fraternity, Inc.; Sigma Phi Epsilon | : | |
| Fraternity; Zeta Psi Fraternity, Inc.; Sig Ep | : | |
| Housing of Connecticut Delta, LLC; Wallace H. | : | |
| Campbell & Company, Inc.; 402 Crown LLC; | : | |
| 340 Elm, LLC; Mother Phi Foundation, Inc.; | : | |
| Connecticut Omega of Sigma Alpha Epsilon | : | |
| House Corporation; House Corporation of Sigma | : | |
| Chi at Yale I; High Street Housing Corporation; | : | |
| ZP Nutmeg Associates Inc. | : | |
| *Defendants* | : | July 22, 2019 |

### REPLY TO OPPOSITION TO MOTION TO DISMISS BY 402 CROWN, LLC

The Defendant, 402 Crown, LLC ("402") filed a Motion to Dismiss the complaint

against it (Dkt# 73) to which the Plaintiffs filed an opposition (Dkt# 85). That opposition is

factually and legally insufficient.

As a preliminary matter, between the time of the filing of the Motion to Dismiss and the

opposition the Connecticut Commission on Human Rights and Opportunities released

jurisdiction on the claims by the individual plaintiffs against 402 concerning public

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

accommodation.  The Plaintiffs have amended their complaint to include these claims (Dkt#

93), as was anticipated in the Motion to Dismiss.  The portions of 402's Motion to Dismiss

based on the failure to get a release of jurisdiction are now moot.  The remaining arguments are

still valid and apply equally to the current amended complaint.

**The Complaint is Improper in Incorporating Each and Every Preceding Paragraph into every Subsequent Count**

The Plaintiffs maintain one of 402's cited authority actually supports denying the

motion to dismiss.  402 cited *Jansson v. Stamford Health, Inc*., No. 3:16-CV-260 (CSH), 2017

WL 1289824, at *18 (D. Conn. Apr. 5, 2017) for the authority that a complaint that alleges

every single prior fact violates the rules of pleading.  (Opp. P. 6).  That decision was actually

deciding a motion to amend and an objection to it, not a motion to dismiss as stated by the

Plaintiffs.  Counts Eight to Thirteen of the amended complaint in that case incorporated all 156

prior paragraphs of factual allegations.  After pointing out the Defendant and the Court were

not required to sift through all those factual allegations to determine which fit the causes of

action those counts pled, the Court held, "Because Counts Eight to Thirteen incorporate all 156

paragraphs of factual allegations by reference, they could not withstand a Rule 12(b)(6) motion

to dismiss in their present form. They are thus 'futile' and cannot be allowed to proceed as

alleged. The motion to amend will be denied as to these counts, as drafted."  *Id*.  The Court

allowed the Plaintiff to amend Count Two (*id*. at *20), but that was a different analysis.  The

Plaintiffs misstate the portion of that decision the Defendant relies upon, they confuse the

Court's holding, and the motion that was actually being decided.  That case makes clear that

incorporating every single factual allegation by reference is not a favored manner of pleading.

In this case it is impossible for 402 to determine exactly what allegations apply to the causes of action directed to 402.

The Plaintiffs argue that the amended complaint "summarizes which prior stated facts support each Count asserted against 402 Crown." (Opp. p. 7).  For example, they claim paragraphs 258-263 summarize those prior facts relating to Count Three, sounding in a violation of the Fair Housing Act.  When those specific paragraphs are examined, they state legal conclusions and are devoid of factual allegations.  Typical is paragraph 258, which states, "Fraternity houses, including those listed or referred to above, are 'dwellings' within the meaning of 42 U.S.C. § 3602(b)."  This paragraph in no way "summarizes which prior stated facts support" the "Count asserted against 402 Crown."  None of the other cited paragraphs do any better.  Paragraph 261 comes closest, but it merely recites the legal formulation of an unfair housing claim.  It includes an allegation that the discrimination was in the "sale or rental of a dwelling…"  There is no allegation that the plaintiffs were discriminated against in the sale of a dwelling.  The inclusion of that language makes plain the complaint fails to connect any particular facts to 402 and is merely reciting formulistic legal conclusions.  The defendant and the Court are left to sort through hundreds of paragraphs, including many which concern only allegations against Yale University, or an unrelated fraternity, and try to guess whether or not the Plaintiffs intended a particular fact to support a particular claim against 402.

**The Complaint Does Not Set Out Facts to Support a Violation of the Fair Housing Act**

402 does not rely on *McDonnell Douglas* contending the Plaintiffs have not set out a prima facie case of a violation of the fair housing act as the Plaintiffs claim.  (Opp. P. 8).  402 does not mention that case, nor the burden shifting procedures set out in that case, which are normally used in deciding a Motion for Summary Judgement.  340 Elm, LLC did argue

*McDonnell Douglas* in their motion to dismiss, (Dkt# 72-1, p. 13).  It appears the Plaintiffs

confused the two motions and in doing so make it extremely difficult to determine which parts

of the opposition actually apply to 402's Motion to Dismiss and which do not.

The Plaintiffs never clearly set out what they must allege in a claim of unfair housing.[1]

They cite to cases setting out the facts required to show discriminatory motive, such as *Palmer*

*v. Fannie Mae*, 755 F. App'x 43, 46 (2d Cir. 2018) ("Here, we agree with the district court that,

at this juncture, Palmer has failed to provide facts that could plausibly support even a minimal

inference of discriminatory motivation.").

The Plaintiffs fail to allege facts to support a fair housing claim against 402.  There is

no allegation that any Plaintiff attempted to obtain housing from 402.  There are no facts

alleged that any plaintiff sought to rent the space 402 rented to members of Alpha Epsilon Pi,

Epsilon Upsilon  ("AEPi") and that 402 refused to consider their request.  There is no

allegation nor facts disclosed that any plaintiff was qualified to rent the space in question.

There is not even an allegation that any plaintiff contacted AEPi seeking living space in

fraternity housing rather than permission to rush.  As stated in the Motion to Dismiss, the only

attempted communication appears to be two unreturned emails to an unidentified person or

persons, who may or may not have resided in the subject property, and no allegation that the

emails were read or received.  When the Plaintiffs state they "twice applied for—and were

denied—admission to AEPi…" (Opp, p. 22), they appear to make an untrue statement, unless

not receiving a reply to an email is a denial of an application for membership.  The non-answer

---

[1] In a footnote the Plaintiffs cite to *Khalil v. Farash Corp.*, 260 F. Supp. 2d 582 (W.D.N.Y.
2003) and assert it supports their complaint at the pleading stage, but that case was a decision
on a Motion for Summary Judgement.  It also sets out the same elements of a prima facie case
for a violation of the FHA that the Motion to Dismiss does.

of these two emails sent to the purported president of AEPi is the sole factual basis that 402 directly discriminated against these Plaintiffs in providing housing.  The Plaintiffs must prove a prima facie case to eventually succeed.  They are required to allege "enough facts to state a claim to relief that is plausible on its face…"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  They must allege enough facts in their complaint to make it plausible they can eventually prove a prima facie case and they do not.

**402 is not responsible for the Conduct of the Other Defendants**

The Plaintiffs go on to argue that a landlord can be held liable for the discriminatory conduct of a tenant.  (Opp, p. 12).  They rely heavily on *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856 (7th Cir. 2018), cert. dismissed sub nom. *Glen St. Andrew Living Com. v. Wetzel*, 139 S. Ct. 1249, 203 L. Ed. 2d 269 (2019).  That case dealt specifically with tenant harassment of another tenant and stated it was a case of first impression.  *Id*. At 862. [2] The case is silent as to a landlord having vicarious liability for discrimination by a tenant towards a non-tenant.  402 was unable to locate a case where a landlord was found vicariously liable for a tenant's actions towards a non-tenant based on a violation of the fair housing act. The complaint is devoid of facts to show any closer relationship between 402 and any other defendant.

**The Complaint Does Not Set Out Facts to Support Discrimination in Public Accommodations**

The Plaintiffs point out facts that may or may not support an allegation that AEPi offers public accommodations, but none directed at 402.  They seem to argue that 402 is vicariously

---

[2] A recent Second Circuit decision concerning tenant on tenant discrimination was withdrawn and no replacement decision has been issued as of the drafting of this reply.  *Francis v. Kings Park Manor, Inc.*, 917 F.3d 109 (2d Cir.), opinion withdrawn, 920 F.3d 168 (2d Cir. 2019).

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

liable because AEPi discriminates in providing public accommodations.  There is no Connecticut case law, nor provision in the general statutes, that provides for vicarious liability for a property owner if a tenant discriminates in the provision of a public accommodation.

The Plaintiff's opposition seems to lose track of 402's role in this case.  It is a landlord that rents property that is allegedly used for AEPi's purposes.  There are no facts alleged to show or infer that 402 prevented the Plaintiffs, or any other member of Engender, from joining any fraternity.  The harms the Plaintiffs complain of, "loss of social, economic, and educational opportunities," (Opp, p. 28), are losses the Plaintiffs claim flow from not being allowed to join AEPi, not denial of some type of public accommodation by 402.  They are not losses attributable to 402.

**Engender Generally Lacks Associational Standing**

The Defendant argued in the Motion to Dismiss that Engender itself did not allege it was denied public accommodation.  Based upon arguments contained in the opposition it appears that the Plaintiffs only intend to allege Engender has Associational Standing.  It does not appear there is a claim Engender itself sought a public accommodation, such as a meeting space to hold an Engender event.

Engender has failed to allege facts sufficient to confer associational standing for the requested relief.  There is no allegation that Engender does not have male members.[3]  The harms alleged would not be shared in an equal degree by a male member of Engender.  Under the fact pattern alleged in the complaint a male engender member would be free to rush a

---

[3] Although it is not alleged in the amended complaint that Engender opens its membership to everyone, it would be absurd to think that an organization seeking to eliminate gender-based criteria to belong to fraternity would discriminate against males.  In any event, Engender fails to plead its membership does not include males.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

fraternity. The complaint alleges the fraternities take almost every male who rushes, therefore a male Engender member would likely be accepted and gain the housing and other benefits the individual plaintiffs allege they were denied.  Even if a male Engender member were not accepted by a fraternity, it would not be on the basis of gender.

The Second Circuit explained, "an organization lacks standing to sue for money damages on behalf of its members if the damage claims of the members are not common to the entire membership, nor shared by all in equal degree, so that both the fact and extent of injury would require individualized proof."  (internal citations, quote marks and alterations omitted) *Sun City Taxpayers' Ass'n v. Citizens Utilities Co*., 45 F.3d 58, 61 (2d Cir. 1995).  Engender seeks actual damages and compensatory damages.  (Opp. p. 21).  The alleged actual and compensatory damage suffered by a male Engender member, who is able to join a fraternity, would differ markedly from a female member.  Under Second Circuit precedent Engender lacks standing under a theory of associational standing.

The case cited in the opposition in an attempt to argue Engender has standing, *Warth v. Seldin*, actually holds the plaintiff association did not have standing to claim money damages for its members.  "Moreover, in the circumstances of this case, the damages claims are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof. Thus, to obtain relief in damages, each member of [the plaintiff association] who claims injury as a result of respondents' practices must be a party to the suit, and [the association] has no standing to claim damages on his behalf."  *Id*., 422 U.S. 490, 515–16 (1975).

**Conclusion:**

The amended complaint is confusing and has excessive information completely unrelated to 402. To force 402 to wade through it to determine what facts might be alleged against it and which apply only to other defendants is fundamentally unfair and violates the rule that a pleading be simple. For instance, if the plaintiffs claim that 402 discriminated in the provision of public accommodations, the plaintiffs should clearly identify what the public accommodation was and when the discrimination took place. The amended complaint makes it impossible for 402, and the court to determine what salient allegations are alleged against the defendant, 402. The defendant respectfully moves the Court to dismiss the amended complaint.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA MCNEIL, ELIANA SINGER, and | : | 3:19-cv-00209-VAB |
| RY WALKER, on behalf of themselves and | : | |
| all others similarly situated, | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| Yale University; Yale Chapter of Alpha Delta Phi | : | |
| International, Inc.; Alpha Epsilon Pi, Epsilon | : | |
| Upsilon; Alpha Kappa Delta of Chi Psi; Delta | : | |
| Kappa Epsilon, Phi Chapter; Leo; Sigma Chi, | : | |
| Theta Upsilon Chapter; Sigma Nu Fraternity Beta | : | |
| Alpha Chapter; Sigma Phi Epsilon, Connecticut | : | |
| Delta Chapter; Zeta Psi, Eta Chapter; Alpha Delta | : | |
| Phi International, Inc.; Alpha Epsilon Pi | : | |
| Fraternity, Inc.; Chi Psi Fraternity; Delta Kappa | : | |
| Epsilon Fraternity; Sigma Alpha Epsilon | : | |
| Fraternity; Sigma Chi International Fraternity; | : | |
| Sigma Nu Fraternity, Inc.; Sigma Phi Epsilon | : | |
| Fraternity; Zeta Psi Fraternity, Inc.; Sig Ep | : | |
| Housing of Connecticut Delta, LLC; Wallace H. | : | |
| Campbell & Company, Inc.; 402 Crown LLC; | : | |
| 340 Elm, LLC; Mother Phi Foundation, Inc.; | : | |
| Connecticut Omega of Sigma Alpha Epsilon | : | |
| House Corporation; House Corporation of Sigma | : | |
| Chi at Yale I; High Street Housing Corporation; | : | |
| ZP Nutmeg Associates Inc. | : | |
| *Defendants* | : | JULY 22, 2019 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date first above a copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY /s/
David C. Yale
Federal Bar #ct26912
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 527-0353
dyale@hgesq.com

**9**
**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894