UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ANNA MCNEIL, et al.,** | |
| Plaintiffs | CIVIL ACTION NO: 3:19-cv-00209 (VAB) |
| v. | |
| **YALE UNIVERSITY, et al.,** | |
| Defendants. | JULY 23, 2019 |

**340 ELM, LLC'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

**I.      Preliminary Statement**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendant, 340 Elm, LLC ("340 Elm"), respectfully submits this reply memorandum of law in further support of its motion to dismiss, or in the alternative, motion for summary judgment.

On May 29, 2019, 340 Elm filed a motion to dismiss as to all counts of the plaintiffs' amended complaint (CM/ECF Document No. 72) directed towards it.  Subsequently, on July 3, 2019 the plaintiffs filed an opposition to 340 Elm's motion to dismiss (CM/ECF Document No. 84), and on July 18, 2019 the plaintiffs filed a second amended complaint (CM/ECF Document No. 93).  The plaintiffs further filed a Joint Stipulation to File Second Amended Complaint on July 17, 2019 requesting for purposes of the parties' pleadings with respect to the various  motions to dismiss that the second amended complaint be considered to take the place of the first amended

1

complaint as the only substantive change addressed therein is that the CHRO has released claims with respect to 340 Elm (CM/ECF Document No. 91).

For the reasons set forth in greater detail in the memorandum of law in support of 340 Elm's motion to dismiss (CM/ECF Document No. 72), and those reasons identified below, 340 Elm's motion to dismiss should be granted as to all counts of the plaintiffs' second amended complaint.

## II.     Argument

### A. 340 Elm Permissibly Includes Verified Exhibits and Factual Matter Which May Be Considered by the Court Pursuant to Federal Rule 12(d).

340 Elm permissibly includes *verified* exhibits and factual matter in support of its memorandum of law in support of its motion to dismiss – which may be considered by the court pursuant to Federal Rule 12(d).

Pursuant to Federal Rule of Civil Procedure 12(d) (emphasis added), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

As such, as indicated in 340 Elm's memorandum in support of its motion to dismiss, to the extent the court chooses to rely upon the affidavit attached thereto as well as the verified exhibits which are appended - we ask the court's discretion to convert the instant motion to a motion for summary judgment, pursuant to Federal Rules 12(d) and 56 and to set forth additional pleadings and/or discovery the court would like to review attendant thereto.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (providing that when considering a Rule 12(b)(6) or 12(c) motion, a court is presented with materials outside the pleadings, *and does not exclude them*, the court is obligated to "convert" the pleadings challenge into a summary judgment motion); *United*

*States ex rel Customs Fraud Investigations, LLC v. Victaulic Co.,* 839 F.3d 242, 251 (3d Cir. 2016) (providing that the court must give all parties notice of such conversion and an opportunity to both be heard and to present further materials in support of their positions on the motion).

Finally, despite plaintiffs' allegations that defense exhibits were unverified, please see the Affidavit of Jesse Horsford appropriately verifying said exhibits. (CM/ECF Document No. 72, Attachment 2).

As such, 340 Elm reiterates that it has moved to dismiss pursuant to Federal Rule 12(b)(6) for plaintiffs' failure to state a claim, or in the alternative for summary judgment pursuant to 12(d), and notes should the court consider exhibits attached to said motion, that it is within the court's discretion to convert a Rule 56 motion for summary judgment and order additional pleadings/discovery attendant thereto.

### B. The Plaintiffs Complaint Lacks Specific Factual Allegations Sufficient to Survive 340 Elm's Motion to Dismiss.

The plaintiffs' complaint lacks specific factual allegations sufficient to survive a motion to dismiss.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action will not do," "[n]or does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alterations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In short, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown "that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717-718 (2d Cir. 2013).

> **1. The Plaintiffs Fail to State Claims against 340 Elm, LLC Under the Fair Housing Act or Connecticut Discriminatory Housing Practices Act (Counts III & IV, respectively)**

The plaintiffs fail to state claims against 340 Elm under the Fair Housing Act and Connecticut Discriminatory Housing Practices Act.

On their face, both the Federal Fair Housing Act or Connecticut Discriminatory Housing Practices Act require a *bona fide offer* be made in order for liability to attach.   The plaintiffs' complaint does not allege these facts.

42 U.S.C. § 3604 provides:

> … it shall be unlawful –
>
> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604.

Connecticut General Statute, § 46a-64c provides:

> (a) It shall be a discriminatory practice in violation of this section: (1) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, creed, color, national origin,

> ancestry, sex, gender identity or expression, marital status, age, lawful source of income, familial status or status as a veteran. (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, race, creed, color, national origin, ancestry, sex, gender identity or expression, marital status, age, lawful source of income, familial status or status as a veteran."

Connecticut General Statute, § 46a-64c.

Plaintiffs *do not allege* that any of the named plaintiffs approached 340 Elm to rent its units, or even allege that they ever desired to do so. The plaintiffs merely allege that they were refused housing because of their gender as 340 Elm allegedly only leases its units to members of a defendant fraternity. To be sure *there is no mention of a bona fide offer* being made by the plaintiffs to 340 Elm or anyone 340 Elm knew to be members of Engender. Plaintiffs only complained of issues with respect to 340 Elm are that 340 Elm leased to members of a Defendant Fraternity. This is not sufficient to amount to a violation of 42 U.S.C. §46a-64c or CGS §46a-64c.[1]

The plaintiffs' actual allegations against 340 Elm are, in fact, devoid of any factual basis aside from a recitation of the elements of these claims – which cannot survive a motion to dismiss. These are certainly within the ambit of "naked assertions devoid of factual enhancement" for which a motion to dismiss is warranted under the circumstances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Accordingly, the plaintiffs fail to state claims against 340 Elm under the Fair Housing Act and Connecticut Discriminatory Housing Practices Act as their complaint lacks sufficient factual allegations to survive a motion to dismiss.

---

[1] The plaintiffs set forth detailed factual allegations in other portions of the complaint, and presumably would have added these required facts if they had a reasonable basis to do so.

5

### 2. The Plaintiffs Fail to State Claims against 340 Elm, LLC Under a Civil Conspiracy Theory (Count V)

The plaintiffs also fail to state claims against 340 Elm under a civil conspiracy theory (Count V). Their claims under a civil conspiracy cause of action (Count V) are lacking based on the very defects discussed in the previous section with respect to plaintiffs' claims under state and federal housing law. Plaintiffs specifically allege that "[e]ach local Chapter, national organization and housing corporation conspired to engage in the unlawful violations of fair housing laws set forth in this complaint." Plaintiffs' Amended Compl., ¶ 280. As discussed above, plaintiffs' allegations of housing law violations are misplaced in that the plaintiffs do not allege they ever made a bona fide offer to live at 340 Elm Street. While the plaintiffs do assert other allegations with respect to the alleged housing discrimination claims, the fact that they do not satisfy that central element in both housing law violations alleged (state and federal) precludes them from succeeding on the civil conspiracy claim as well as there is "no independent claim of civil conspiracy ... Thus, to state a cause of action, a claim of civil conspiracy must be joined with an allegation of a substantive tort." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Harp v. King*, 266 Conn. 747, 779 n. 37 (2003).

In addition, there is an absence of facts pled which would support a finding of civil conspiracy in general. "The [elements] of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) *Harp v. King*, 266 Conn. 747, 779 (2003). The additional allegations pled by the plaintiffs in support of this count include claims that 340 Elm agreed to use the property as a fraternity house, that it would be solely available to men, and that 340 Elm refused to rent or

negotiate the rental with the named plaintiffs and proposed class.  Plaintiffs' Amended Compl., ¶¶ 280, 282.

These allegations are plainly "naked assertions devoid of factual enhancement" (internal quotations omitted) (*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and "do not permit the court to infer more than the mere possibility of conduct.  *Ashcroft*, 556 U.S. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717-718 (2d Cir. 2013).  Accordingly, these allegations are not sufficient to withstand a motion to dismiss.

Furthermore, as addressed below, and as provided in the supportive materials appended to 340 Elm's memorandum in support of its motion to dismiss (CM/ECF Document No. 72, Attachment A)  340 Elm has no contract, relationship or connection with Kappa Delta, Chi Psi or any other local or national chapters of fraternities mentioned in the instant complaint making the claim alleged against them in this count even less plausible.

As such, the plaintiffs' claims under this civil conspiracy count fail as well, as the plaintiffs fail to allege sufficient facts which would withstand a motion to dismiss, and fails to properly allege a housing law violation – the tort on which the conspiracy theory claim is premised – which it requires in order for the claim to survive.

### 3. The Plaintiffs Fail to State Claims against 340 Elm, LLC Under a Discrimination in Places of Public Accommodation Theory (Counts VI & VII)[2]

Plaintiffs' claims of discrimination in places of public accommodation (Counts VI & VII) also fail to be sufficiently pled with respect to 340 Elm. The plaintiffs assert two claims under this theory, one alleging discrimination in denial in memberships of fraternities, and one alleging a hostile environment. These claims are asserted collectively against the group of defendants that the plaintiffs have defined as the "Defendant Fraternities." "Defendant Fraternities" purportedly includes 340 Elm and several other housing corporations, as well as national fraternities and Yale chapter fraternities. *See* Plaintiffs' Amended Compl., ¶ 60.

Connecticut General Statutes, § 46a-63(1) defines a place of public accommodation as "any establishment which caters or offers its services or facilities or goods to the general public, including, but not limited to, any commercial property or building lot, on which it is intended that a commercial building will be constructed or offered for sale or rent…"

Connecticut General Statutes, § 46a-64 provides: "[i]t shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation … because of … sex … of the applicant …"

---

[2] Finally, as addressed by 402 Crown, LLC in their Memorandum of Law in Support of their Motion to Dismiss (CM/ECF Document No. 73) and Reply in Support of their Motion to dismiss (CM/ECF Document No. 95) - Engender, an organization, lacks standing and/or factual support needed to bring a claim under CGS §46a-64. Based on pleadings advanced by the plaintiffs, plaintiffs appear to be arguing that Engender has Associational Standing. The Second Circuit has held "an organization lacks standing to sue for money damages on behalf of hits members if the damage claims of the members are not common to the entire membership, nor shared by all in equal degree, so that both the fact and extent of injury would require individualized proof." *Sun City Taxpayers' Ass'n v. Citizens Utilities Co.*, 45 F.3d 58, 61 (2d Cir. 1995). As plaintiffs do not allege all Engender members are female, and potential male members of Engender would have separate damages than female members – plaintiffs claim as to Engender under this count also fail based on Engender's lack of standing under controlling federal authority.

As stated in 340 Elm's memoranda in support of its motion to dismiss, Connecticut General Statues §46a-64 was amended in 1990 *to remove references to housing accommodations from its scope.* Public Act 90-246, Sections 2-5. This evidences clear legislative intent to exclude housing discrimination from this section. *Compare Quinnipiac Council, Boy Scouts of America, Inc. v. CHRO*, 204 Conn. 287, 294-298 (1987) (discussing the prior version of the law, General Statutes (Rev. to 1977) 353-35(a)).

Furthermore, the plaintiffs have not alleged specific discriminatory behavior of the individual tenants who leased from 340 Elm, and instead vaguely assert discriminatory allegations against the entire class of "Fraternity Defendants." Connecticut caselaw and analogous statutory framework from other jurisdiction indicates there is no precedent for plaintiffs' claims, and indeed, they are insufficient factually and as a matter of law.

Accordingly, plaintiffs claims of discrimination in places of public accommodation fail.

### C. The Plaintiffs' Argument that "[c]ourts hold landlords directly liable for the discriminatory actions of their tenants" is inaccurate.

Plaintiffs argue that "[c]ourts hold landlords directly liable for the discriminatory actions of their tenants," citing to *Wetzel v. Glen St. Andrew Livy Cmty., LLC*, 901 F.3d 856 (7th Cir. 2018).

In *Wetzel*, a lesbian resident of a private community for older adults brought an action against the operator of the community, alleging it had failed to provide her with non-discriminatory housing *as its staff failed to address complaints of abuse she received from other residents and subsequently retaliated against her for filing those complaints, each in violation of the Fair Housing Act*. *See Id.*

*Wetzel* is, in fact, distinct from the present action in a number of ways - namely, as it involves liability of a property owner/landlord for the discriminatory actions of one tenant towards another within the same complex. The undersigned was unable to locate a case where a landlord

9

was found vicariously liable for a tenant's actions of the type alleged here, or towards a non-tenant on a fair housing act claim.

In addition, in *Wetzel*, the court found determinative that the community the plaintiff resided in had *actual knowledge* of the alleged discrimination, as well as the power to correct it.[3] In this case, the plaintiff does not allege that 340 Elm possessed *actual knowledge* of the alleged discrimination of the defendant fraternities, the power to correct it, or even that the alleged discrimination occurred on its premises or by its tenants.

Accordingly, the plaintiffs' argument that "[c]ourts hold landlords directly liable for the discriminatory actions of their tenants," is without merit as contrary to the authority the plaintiffs cited, there is no applicable authority that does not deal with tenant-on-tenant discrimination where the landlord is not alleged to have actual knowledge of alleged discrimination, and the discrimination is not alleged to have occurred on its premises.

### D. Should the Court Wish to Consider Verified Exhibits Appended to 340 Elm's Motion to Dismiss, it Will See that The Central Tenets of the Plaintiffs' Argument Against 340 Elm are Completely Baseless

As discussed previously, the plaintiffs incorrectly note that the exhibits attached to 340 Elm's motion to dismiss are unverified. The exhibits attached to 340 Elm's memorandum in

---

[3] In *Wetzel*, a case of first impression, the court found much weight in the *Davis v. Monroe Cnty Bd. Of Educ.*, 526 U.S. 629, 639 (1999) – a case dealing with in-school sexual harassment. In *Davis*, the Supreme Court of the United States which found that the school district at issue in the case had subjected the plaintiff to discrimination by remaining "deliberately indifferent to known acts of student-on-student sexual harassment [when] the harasser is under the school's disciplinary authority." *Id.* at 646-47. The *Wetzel* court, applying *Davis*, notes "[h]ere, we need look only to the management defendants themselves, asking whether they had actual knowledge of the severe harassment Wetzel was enduring and whether they were deliberately indifferent to it. If so, they subjected Wetzel to conduct that the FHA forbids." *Wetzel v. Glen St. Andrew*, 901 F.3d 856 at 864. Furthermore, in *Wetzel*, the Supreme Court noted the plaintiff's lease allowed the community to evict any tenant who "engages in acts or omissions that constitute a direct threat to the health and safety of other individuals" or who "engage[s] in any activity that [the community] determines unreasonably interferes with the peaceful use and enjoyment of the community by other tenants." *Id.* at 865.

support of its motion to dismiss and affidavit attached thereto are in fact verified by the affidavit of Jesse Horsford (CM/ECF Document No. 72, Attachment 2).

As shown in the affidavit attached to 340 Elm's motion to dismiss, plaintiffs inaccurately allege that 340 Elm rented apartment units to a "Defendant Fraternity." This is a central tenet of plaintiffs' argument that 340 Elm *knowingly* rented to a group that discriminates in membership by gender. As shown in said affidavit, 340 Elm rented units to 9 individuals. While these individuals may be members of a Defendant Fraternity, they may also be members of other student organizations. A landlord is not under any legal obligation to investigate its student tenants to evaluate which extra-curricular activities they engage in.

As noted in the affidavit attached to 340 Elm's memorandum in support of its motion to dismiss, 340 Elm has no other affiliation with any of the Defendant Fraternities – including the fraternity it's tenants are members of. 340 Elm does not require its tenants to be male, and instead rents its sole property – a duplex apartment – to those who approach it and are able to pay the asking price on a first-come, first-served basis.

Finally, as noted by 340 Elm in the affidavit attached to the motion to dismiss, and as addressed above – plaintiffs have not even alleged they submitted an offer to lease an apartment or even that they desired to do so – nor can they successfully claim such. Accordingly, should this motion be converted to one for summary judgment pursuant to Federal Rules 12(d) and 56, plaintiffs claims must be dismissed.

## IV.   Conclusion

WHEREFORE, for the reasons set forth above, the defendant 340 Elm, LLC respectfully requests this court grant its motion to dismiss the plaintiffs' claims asserted against it in the instant

action as they fail to meet the pleading standards required, are without merit and are completely baseless.

                                         THE DEFENDANT,
                                         304 ELM, LLC

                                         BY MILANO & WANAT LLC

                                         By:     /s/ CT 30406
                                                       Liza M. Fletcher
                                                       Milano & Wanat LLC
                                                       471 East Main Street
                                                       Branford, Connecticut 06405
                                                      Phone: (203) 315-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 23, 2019**, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

          /s/ CT 30406
          Liza M. Fletcher