## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA McNEIL, ELIANA SINGER, and RY WALKER,<br><br>  Plaintiffs,<br><br>  v.<br><br>YALE UNIVERSITY *et al.*,<br><br>  Defendants. | Case No.: 3:19-cv-00209<br><br>Hon. Victor A. Bolden |

## RESPONSE OF FRATERNITY DEFENDANTS TO
## PLAINTIFFS' SUPPLEMENTAL BRIEFING ON PROXIMATE CAUSE

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ......................................................................................................................1

    I.  Plaintiffs Must Plead Proximate Cause Under the FHA ..........................................2

    II. Plaintiffs Do Not Allege that the Denial of Fraternity Membership Caused
        Deprivation of Housing Opportunities..................................................................3

CONCLUSION....................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662, 678-79 (2009) .................................................................................................... 3

*Bank of America Corp. v. City of Miami, Fla.,*
 137 S.Ct. 1296 (2017).............................................................................................................. 2

*City of Sacramento v. Wells Fargo,*
Not Reported, 18-cv-00416 (E.D. Cal. Aug. 22, 2019) ........................................................... 3

*Cty. of Cook v. Bank of Am. Corp.,*
2018 WL 1561725 (N.D. Ill. Mar. 30, 2018); ........................................................................ 3

*Cty. of Cook v. HSBC N. Am. Holdings Inc.,*
314 F. Supp. 3d 950 (N.D. Ill. 2018) ...................................................................................... 2

*Cty. of Cook v. Wells Fargo & Co.,*
314 F. Supp. 3d 975 (N.D. Ill. 2018) ...................................................................................... 2

*Gilead Cmty. Servs. Inc. v. Town of Cromwell,*
2019 WL 4805032 (D. Conn. Sept. 30, 2019) ........................................................................ 3

*Holmes v. Secs. Inv. Protection Corp.,*
503 U.S. 258 (1992) ................................................................................................................. 2

*Hubert v. Dep't of Corr.,*
No. 3:17-cv-248, 2018 WL 1582511, at *3 (D. Conn. Mar. 30, 2018) (Bolden, J.) ..................... 5

*Lexmark, Int'l, Inc. v. Static Control Components, Inc.,*
572 U.S. 118 (2014)................................................................................................................. 2

**Statutes**
Fair Housing Act ("FHA").......................................................................................... passim

**INTRODUCTION**

As this Court noted in its October 25, 2019 order, Plaintiffs' suggestion that this Court would benefit from their supplemental briefing on proximate cause "lacks merit." (ECF No. 122). Plaintiffs' brief (ECF No. 123) merely underscores the Court's initial view.

Plaintiffs explicitly concede that proximate cause "acts as an equitable and practical limitation on damages remedies" under the FHA. Pl. Supp. Br. at 1. And in their Second Amended Complaint, Plaintiffs expressly seek damages for the Fraternity Defendants' alleged FHA violations. Second Amended Complaint SAC at 107, Par. K. Yet Plaintiffs' own brief emphasizes the attenuated chain of causation between the alleged conduct of the Fraternity Defendants and the purported damages sustained by Plaintiffs. And Plaintiffs have cited to no case law from this District or the Second Circuit -- nor can they -- holding that they need not plead proximate cause to receive injunctive relief for an alleged FHA violation.

Plaintiffs have presented this Court with no reason to deviate from a finding that they have not stated a claim under the Fair Housing Act ("FHA"). Because Plaintiffs have not pled proximate cause, and for the reasons stated in the Fraternity Defendants' prior briefing and at oral argument, this Court should dismiss the Second Amended Complaint in its entirety as to the Fraternity Defendants.

**ARGUMENT**

Plaintiffs' brief demonstrates that the link between the Fraternity Defendants' alleged actions and Plaintiffs' asserted injuries is far too attenuated to establish proximate cause under the FHA. Plaintiffs allege that they sought to join and were denied membership in the Local Chapters based on their gender, and that the denial of such membership purportedly deprived them of housing opportunities. Yet Plaintiffs do not provide this Court or the Fraternity

Defendants with any allegations as to what housing opportunities they sought, from whom they sought them, when they sought them, or how they sought them.  In other words, Plaintiffs have not pled how the denial of fraternity membership caused the deprivation of housing opportunities asserted in the Second Amended Complaint.  Because Plaintiffs have not pled proximate cause with respect to their FHA cause of action, this Court should dismiss it -- and the remainder of the Second Amended Complaint -- as to the Fraternity Defendants.

## I.  Plaintiffs Must Plead Proximate Cause Under the FHA

"Proximate-cause analysis is controlled by the nature of the statutory cause of action. The question it presents is whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Lexmark, Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014).  Proximate cause "generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct." *Id.*

"[P]roximate cause under the FHA requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Bank of America Corp. v. City of Miami, Fla.*, 137 S.Ct. 1296, 1306 (2017), quoting *Holmes v. Secs. Inv. Protection Corp.*, 503 U.S. 258, 268 (1992).  As Plaintiffs concede, they must plead proximate cause for a damages claim under the FHA.  (Pl. Supp. Br. at 1, citing *Bank of America*, 137 S.Ct. at 1305-06).  Further, Plaintiffs point to no cases holding that they need not plead proximate cause for injunctive relief—nor can they, as no court within the Second Circuit has so held.  Indeed, the proximate cause requirement is based on the injuries asserted—not the form of relief sought.  *Lexmark* at 133.  Accordingly, courts have in fact applied a proximate cause requirement to FHA claims requesting injunctive and declaratory relief.  *See, e.g., Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 314 F. Supp. 3d 950 (N.D. Ill. 2018); *Cty. of Cook v. Wells Fargo & Co.*, 314 F. Supp. 3d 975 (N.D. Ill. 2018);

2

*Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2018 WL 1561725 (N.D. Ill. Mar. 30, 2018); *City of Sacramento v. Wells Fargo*, Not Reported, 18-cv-00416 (E.D. Cal. Aug. 22, 2019) (proximate cause must be pled to state a claim under the FHA, regardless of the relief sought).

Plaintiffs are correct that the FHA's proximate cause requirement does not apply only to "'an express denial of a housing opportunity or the unavailability of a specific housing opportunity.'" Pl. Supp. Br. at 3, quoting *Gilead Cmty. Servs. Inc. v. Town of Cromwell*, No. 3:17-cv-627, 2019 WL 4805032, at *19 (D. Conn. Sept. 30, 2019). It is a similarly unremarkable proposition, as noted by Plaintiffs, that the requirement is not limited to "'statements that directly [a]ffect a housing transaction.'" Pl. Supp. Br. at 4, quoting *Gilead*, 2019 WL 480032, at *15. But Plaintiffs here have not adequately pled an express denial of a housing opportunity, the unavailability of a specific housing opportunity, or statements affecting housing transactions. As such, the cases upon which Plaintiffs rely are inapposite.

## II. Plaintiffs Do Not Allege that the Denial of Fraternity Membership Caused Deprivation of Housing Opportunities

Plaintiffs now claim for the first time, months after responding to the Fraternity Defendants' motion to dismiss, and weeks after oral argument, that their FHA claim is "directly and immediately about housing transactions affecting them personally." Pl. Supp. Br. at 6. But Plaintiffs reference only *five* of the 374 paragraphs in the Second Amended Complaint as support for their argument that they have pled proximate cause. Pl. Supp. Br. at 4, citing SAC ¶¶ 158-59, 163-64, 261. Not one of those paragraphs provides anything beyond wholly conclusory assertions as to how the denial of fraternity membership led to missed housing opportunities or related benefits as protected by the FHA.[1] Indeed, as noted in Plaintiffs' own supplemental brief,

---

[1] At the pleadings stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

3

their allegations regarding proximate cause, in their entirety, are comprised of the following

paragraphs:

> Upon information and belief, the national organizations and local chapters exercise control over the use of fraternity houses. Indeed, the fraternity houses are integral to the operations of Defendant Fraternities; they serve as the Fraternities' principal party venues, as residences for many fraternity members, and as bases of operations for the Fraternities at Yale. Having a fraternity house is central to Defendant Fraternities' abilities to attract new members and therefore garner a steady stream of dues. (SAC ¶ 158);

> The housing corporations earn money by charging fraternity members rent for their units in the fraternity houses. Upon information and belief, each fraternity member who lives in a fraternity house signs a separate rental contract with his respective housing corporation. Members who reside in their fraternity houses do so throughout the academic year. Moreover, members who spend the summer in New Haven often reside at their fraternity houses throughout the summer. (*Id.* ¶ 159);

> Defendant Fraternities give priority to fraternity members, i.e., to men, in renting residential units in the fraternity houses. In many cases, Defendant Fraternities only allow fraternity members to rent units in the fraternity house. By denying women admission as fraternity members, Defendant Fraternities also deny women the opportunity to rent units in the fraternity house because of their gender. (*Id.* ¶ 163);

> Defendant Fraternities therefore have a policy of denying women, including Plaintiffs….equal opportunity to rent units because of their gender, and otherwise made housing unavailable to Plaintiffs. (*Id.* ¶ 164); and

> Defendant Fraternities engaged in unlawful sex discrimination in violation of the FHA. Defendant Fraternities refused to rent, refused to negotiate for the rental of, and otherwise made unavailable or denied dwellings to Plaintiffs…and discriminated against Plaintiffs…in the terms, conditions or privileges of sale or rental of a dwelling. (*Id.* ¶ 261).

Nothing in these paragraphs -- or in any other paragraph of the Second Amended

Complaint -- identifies how the Fraternity Defendants' decisions not to offer Plaintiffs

membership in any way led to the denial of housing opportunities or related benefits. As this Court is well aware, Plaintiffs must put the Fraternity Defendants on notice as to the claims brought against them. *Hubert v. Dep't of Corr.*, No. 3:17-cv-248, 2018 WL 1582511, at *3 (D. Conn. Mar. 30, 2018) (Bolden, J.). But Plaintiffs do not identify with sufficiency: how or when they applied for membership with the Fraternity Defendants; how or when the Fraternity Defendants denied them membership; how, when, or with what entities Plaintiffs sought housing opportunities; how, when, or which housing entities denied opportunities to Plaintiffs; or the reasons the housing entities denied Plaintiffs these alleged opportunities, including how such denials related to the fact that Plaintiffs were not members of the Fraternity Defendants.

In other words, Plaintiff have not made sufficient allegations putting the Fraternity Defendants on notice as to how their alleged denial of membership to Plaintiffs proximately caused the deprivation of housing opportunities or related benefits. As such, they have not pled proximate cause under the FHA.

## CONCLUSION

For the foregoing reasons, the Fraternity Defendants respectfully request that the Court: (a) find that Plaintiffs have not pled proximate cause with respect to their FHA claim; (b) dismiss all claims of the Second Amended Complaint as to the Fraternity Defendants; and (c) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
      November 8, 2019

                        Respectfully submitted,

                        KAUFMAN BORGEEST & RYAN LLP

                        /s/ Joan M. Gilbride
                        Joan M. Gilbride (Ct.13836)
                        Laura B. Juffa *(Pro Hac Vice)*

6031827

Stephanie Fox *(Pro Hac Vice)*
*Attorneys for Defendants Alpha Delta Phi International Inc., Alpha Epsilon Pi Fraternity, Inc., Conn. Omega of Sigma Alpha Epsilon, Alpha Kappa Delta of Chi Psi, Alpha Epsilon Pi, Epsilon Upsilon, Chi Psi Fraternity, Delta Kappa Epsilon Fraternity, Edward Donahue, III, Leo, High Street Housing Corporation, Delta Kappa Epsilon, Phi Chapter, House Corporation of Sigma Chi at Yale, Sigma Phi Epsilon, Connecticut Delta Chapter, Sigma Alpha Epsilon Fraternity, Sigma Chi International Fraternity, Sig Ep Housing of Connecticut Delta LLC, Mother Phi Foundation, Inc., Sigma Chi, Theta Upsilon Chapter, Sigma Nu Fraternity Beta Alpha Chapter, Sigma Nu Fraternity, Inc., Sigma Phi Epsilon Fraternity, Yale Chapter of Alpha Delta Phi International, Inc., Zeta Psi Fraternity, Inc., ZP Nutmeg Association, Zeta Psi, ETA Chapter.*
120 Broadway, 14th Floor
New York, New York 10271
Telephone: 212.980.9600
Facsimile: 212.980.9291
Email: jgilbride@kbrlaw.com
Email: ljuffa@kbrlaw.com
Email: sfox@kbrlaw.com


Stanton Jones *(Pro Hac Vice)*
Emily Newhouse Dillingham *(Pro Hac Vice)*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5563
Email: stanton.jones@arnoldporter.com
Email: emily.dillingham@arnoldporter.com


TO:     (via ECF)
        All counsel of record

6

7