UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA MCNEIL | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-00209-VAB |
| v. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
| | : | February 21, 2020 |
|    Defendant. | : | |

**JOINT 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:   February 12, 2019 (Amended May 13, 2019 & July 18, 2019)

Date Complaint Served:  Waiver of Service filed March 1, 2019, as to defendant Yale University.

Date of Defendant's Appearance:   April 17, 2019 (Attorneys Sconzo & Gooley)
April 23, 2019 (Attorneys Ellsworth & Field)

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 20, 2020. The participants were:

    David Tracey, Esquire for Plaintiff, Anna McNeil

    Brendan N. Gooley, Esquire for Defendant, Yale University

## I.   CERTIFICATION

Undersigned counsel (after consultation with their clients and known witnesses) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's Anna McNeil's remaining claim under Title IX of the Education Amendments of 1972 (20 United States Code § 1681) pursuant to 28 U.S.C. § 1331.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

Given the Court's partial grant of Yale's motion to dismiss, this case is now a single-plaintiff case. Plaintiff Anna McNeil alleges that Yale University violated Title IX of the Education Amendments of 1972 (20 United States Code § 1681) by exhibiting deliberate indifference to a report Ms. McNeil made to her First-Year Counselor that she and other women were groped without consent by male attendees at a Zeta Psi party in August or September of 2016.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Yale Defendants:

Yale denies Plaintiff McNeil's claim. Yale maintains that it was not deliberately indifferent to Plaintiff's alleged report; that Plaintiff is not entitled to any relief whatsoever; and that Plaintiff opted not to take advantage of many available avenues for reporting sexual misconduct, including that she failed to file a complaint with Yale's University-Wide Committee on Sexual Misconduct. Yale continues to evaluate possible affirmative defenses, counterclaims, third party claims, and cross claims.

### C. Defenses and Claims of Third Party Defendants:

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Plaintiff McNeil is an undergraduate student enrolled at Yale.
2. Yale is an institution of higher education located in New Haven, Connecticut.
3. Yale has a First-Year Counselor Program.

## V. CASE MANAGEMENT PLAN

### A. Initial Disclosures

The parties will exchange amended Initial Disclosures based on the Court's ruling on Yale's Motion to Dismiss by March 20, 2020. Plaintiff McNeil's disclosure will include the identity of the First-Year Counselor she alleged reported that she had been groped to.

### B. Scheduling Conference

1. The Court has scheduled a discovery status conference for February 27, 2020. The parties believe that any scheduling issues can be addressed at that conference.

### C. Early Settlement Conference

1. The parties certify that they are considering the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice and whether settlement discussions would be productive at this time.
2. The parties may request an early settlement conference.
3. If and when a settlement conference is held, the parties prefer a settlement conference with a magistrate judge or private mediator.

      4.      The parties are discussing whether to request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings

The parties have discussed any perceived defects in the pleadings and are unable to agree on resolution of any issues related to the sufficiency of the pleadings.

Plaintiff's Position:

      1.      Plaintiff's position is that she should be allowed until May 22, 2020 to file motions to join additional parties or to file motions to amend the pleadings.

Defendant's Position:

      2.      Defendant's position is that Plaintiff should not be allowed to file motions to join additional parties or to file motions to amend the pleadings in light of the Court's guidance in its Ruling on the Defendants' Motions to Dismiss. Defendant reserves its right to object to any request to amend. Defendant's position is that if the Court grants any amendment, it should have 30 days from the date of the Court's order granting leave to amend to respond to Plaintiff's.

### E. Discovery

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case:"

1.  The parties anticipate that discovery will be needed on Plaintiff McNeil's Title IX claim that arises from and relates to her allegations that Yale was deliberately indifferent to her report that she and others were groped at a Zeta Psi party in August or September of 2016. The forgoing should not be construed as a limitation on the right of the Parties to propound discovery as allowed by the Federal Rules of Civil Procedure on any issue of liability or damages in this case.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by May 28, 2021.

3.  Discovery will be conducted in phases.

    - Fact Discovery: Discovery relating to Plaintiff's individual claim for liability and damages alleged in the operative complaint will be completed by December 8, 2020.
    - Expert Discovery: Discovery relating to disclosed experts pursuant to Fed. R. Civ. Proc. 26 may be conducted simultaneously with fact discovery and after the completion of fact discovery. Expert discovery will be completed by May 28, 2021.

4.  The parties anticipate that the plaintiff will require a total of 10 depositions of fact witnesses and that the defendants will require a total of 6 depositions of fact witnesses. The depositions will be completed by December 8, 2020.

5.  The parties do not request permission to serve more than 25 interrogatories.

6.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 22, 2021. Defendant will designate all trial experts and provide opposing counsel with reports from

retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 26, 2021. Plaintiff may provide rebuttal expert reports no later than April 30, 2021. Depositions of such experts will be completed by May 28, 2021.

7. The parties disagree as to when Plaintiff should disclose a damages analysis:

Plaintiff's Position:

Plaintiff's position is that a damages analysis should be provided by the plaintiff no later than the close of expert discovery.

Defendant's Position:

Defendant's position is that a damages analysis should be provided by the plaintiff no later than May 29, 2020.

8. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties have begun the process of meeting and conferring with respect to the review and production of electronically stored information. To the extent not already done, the parties will also immediately take all reasonable measures to preserve

electronically stored information that has potential relevance to the parties' respective claims and defenses, including on all computers (i.e. desktops, laptops or other computing devices), networks, personal devices (i.e. iPhones, Blackberries and smartphones), data and information storage and other archival systems, and other electronic devices, software, and hardware within their respective possession, custody or control.

9. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: If they have not already done so, the Parties will immediately take all reasonable measures to preserve hard-copy, written, and other physically tangible documents and things potentially relevant to the parties' respective claims and defenses.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

    a. The parties will jointly request a Court order pursuant to Federal Rule of Evidence 502(d) that neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. If information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may

promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

11. A Post-Discovery Telephonic Status Conference will be held on June 11, 2021.

### F. OTHER SCHEDULING ISSUES

Not applicable.

### G. SUMMARY JUDGMENT MOTIONS

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before July16, 2021. The party opposing summary judgement will have 60 days from the filing of a motion for summary judgment to file opposition briefs. The party moving for summary judgment will have 30 days from the filing of any opposition brief to file a reply brief.

### H. JOINT TRIAL MEMORANDUM

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the close of discovery if no dispositive motions are filed.

## VI. TRIAL READINESS

The case will be ready for trial within 30 days of the filing of a Joint Trial Memorandum if dispositive motions are filed or forty-five days of the filing of a Joint Trial Memorandum if no dispositive motions are filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

*Plaintiff Anna McNeil,*

By: */s/ David Tracey*                                                                 Date: February 21, 2020
David H. Tracey, Esq.*

SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dtracey@sanfordheisler.com
*admitted *pro hac vice*

*Defendant Yale University,*

By: /s/*Brendan N. Gooley*                                                      Date: February 21, 2020
Brendan N. Gooley, Esq.
Carlton Fields
One State Street, Suite 1800
Hartford, CT 06103
BGooley@carltonfields.com
T:  860-392-5022
F:  860-392-5058
Federal Bar Number: ct30584