21-639
McNeil v. Yale University et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of November, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             EUNICE C. LEE,
                     *Circuit Judges*.
             PAUL A. ENGELMAYER,[1]
                     *District Judge*.

_____

ANNA MCNEIL, ELIANA SINGER, RY WALKER, on behalf of themselves and all others similarly situated, ENGENDER, on behalf of itself and its members,

                *Plaintiffs-Appellants*,

                v.                                                                                              21-639-cv

Yale Chapter of Alpha Delta Phi International, Inc, Alpha Epsilon Pi, Epsilon Upsilon, Alpha Kappa Delta of Chi Psi, Phi Chapter Delta Kappa Epsilon, Leo, Sigma Chi, Theta Upsilon Chapter, Sigma Nu Fraternity Beta Alpha Chapter, Sigma Phi Epsilon, Connecticut Delta Chapter, Zeta Psi, Eta Chapter, Alpha Delta Phi International, Inc., Alpha Epsilon Pi Fraternity, Inc., Chi Psi Fraternity, Delta Kappa Epsilon Fraternity, Sigma Alpha Epsilon Fraternity, Sigma Chi International Fraternity, Sigma Nu

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

CERTIFIED COPY ISSUED ON 11/15/2021

Fraternity, Inc., Sigma Phi Epsilon Fraternity, Inc., Zeta Psi Fraternity, Inc., Sig Ep Housing of Connecticut Delta, LLC, Mother Phi Foundation, Inc., Connecticut Omega of Sigma Alpha Epsilon House Corporation, House Corporation of Sigma Chi at Yale I, High Street Housing Corporation, ZP Nutmeg Associates Inc., Edward J. Donahue, III,

    *Defendants – Appellees,*

Yale University, 402 Crown LLC, 340 Elm, LLC, Wallace H. Campbell & Company, Inc.

    *Defendants*.

---

| | |
|---|---|
| Appearing for Appellants: | David Tracey, Sanford Heisler Sharp, LLP (Andrew Melzer, Carolin Guentert, Albert Powell, Meredith Firetog, *on the brief*), New York, N.Y. |
| Appearing for Appellees: | Joan M. Gilbride, Kaufman Borgeest & Ryan LLP (Laura B. Juffa, *on the brief*), New York, N.Y. |
| | R. Stanton Jones, Arnold & Porter Kaye Scholer LLP (Sean A. Mirski, *on the brief*), Washington, D.C. |

Appeal from the United States District Court for the District of Connecticut (Bolden, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED in part and VACATED in part**.

Anna McNeil, Eliana Singer, Ry Walker, and Engender (together "Plaintiffs") appeal from the January 30, 2020 opinion and order of the United States District Court for the District of Connecticut (Bolden, *J.*), granting in part and denying in part defendants' motion to dismiss the Second Amended Class Action Complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This appeal concerns a small subset of the claims Plaintiffs brought below. The 108-page Second Amended Complaint ("SAC") broadly sued Yale University and each of its nine fraternity chapters, their national organizations, and various housing corporations. It brought an array of claims arising predominately out of the same-sex membership practices of, and incidents of sexual assault alleged to have occurred at, various Yale fraternities. In this appeal, however, Plaintiffs challenge only the dismissal of two Fair Housing Act ("FHA") claims and their parallel state claims as brought against seven fraternities, their housing corporations, and one individual landlord. The district court dismissed these claims for lack of Article III standing – a dismissal

which, although not explicitly denoted as such, was necessarily pursuant to Federal Rule of Civil Procedure 12(b)(1).

The standard of review for a motion to dismiss under Rule 12(b)(1) is substantively "identical" to the standard for a Rule 12(b)(6) motion. *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999). Dismissal is proper under Rule 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim, such as when Article III standing is not met. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). This case involves the FHA, which forbids discrimination on the basis of a protected status in selling or renting housing. Two provisions are at issue here. Section 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Section 3604(c) makes it unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." *Id.* § 3604(c). The statute allows any "aggrieved person" to file a civil action seeking damages for a violation of the statute. *Id.* §§ 3613(a)(1)(A), 3613(c)(1). The statute defines an "aggrieved person" to include "any person who . . . claims to have been injured by a discriminatory housing practice." *Id.* § 3602(i).

## I. Plaintiffs Cannot Show Standing to Assert an FHA Claim

Appellees argue that Plaintiffs do not have standing. In order to show the "irreducible constitutional minimum" of standing, a plaintiff must plead three things. *Lujan v. Defenders of Wildlife*, 504 U.S 555, 560 (1992). The plaintiff must have (1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Id.* at 560–61. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* at 561.

To establish injury in fact, a plaintiff must show that they suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted). "[I]n evaluating whether the alleged injury is concrete and particularized, we assess whether the injury affect[s] the plaintiff in a personal and individual way, to confirm that the plaintiff has a personal stake in the controversy and avoid having the federal courts serve as merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding[.]" *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003) (citation and internal quotation marks omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

First, Appellees argue that Plaintiffs have not alleged a housing injury under Section 3604(a) because they do not allege that they ever asked about housing, applied for housing, or otherwise expressed any interest in housing, nor that they ever even discussed housing with the fraternity defendants. A review of Plaintiffs' Second Amended Complaint ("SAC") supports that

3

argument. No doubt as a result of its focus on other alleged wrongs, the SAC contains sparse factual allegations bearing on housing. The SAC lacks any allegations that any Plaintiff ever sought housing with a fraternity or expressed – or had – an interest in such housing. It lacks any allegation even that any specific individual fraternity defendant provides housing to its members, as opposed to its building serving as a gathering place for members. Instead, as alleged, Plaintiffs sought only membership with the fraternity defendants. Plaintiffs argue that their claimed housing injuries are fairly traceable to defendant fraternities because housing in a fraternity hinges on membership in a fraternity, which in turn is predicated upon sex. But the SAC does not allege that any Plaintiff had an interest in obtaining such housing upon attaining membership. And, although the SAC alleges generally that some fraternities made residential space available to non-members, it does not allege that any plaintiff sought housing by that means, either. In the end, the SAC alleges no more than that Plaintiffs attempted to rush, and thereby gain membership in, the fraternities. In the absence of allegations that any Plaintiff desired, sought, inquired about, or ascertained the existence of housing at any defendant fraternity, that allegation is insufficient to plead an injury-in-fact under Section 3604(a).

Plaintiffs also failed to allege an injury under Section 3604(c). Section 3604(c) "'protect[s] against [the] psychic injury' caused by discriminatory statements made in connection with the housing market." *United States v. Space Hunters, Inc.*, 429 F.3d 416, 424–25 (2d Cir. 2005) (alterations in original) (citations omitted). Although the scope of Section 3604(c) is broad, Plaintiffs have not alleged a housing-related injury. As discussed above, the SAC's allegations about housing are scant; Plaintiffs do not allege that they inquired about housing or applied for housing, nor even that the fraternity defendants had housing. Crucially for Plaintiffs' Section 3604(c) claim, the SAC does not allege that any of the Defendants made any statement about housing to them, including any discriminatory statement about housing on the basis of sex. The only statements that have been alleged have been about the denial of membership into the fraternity based on sex, not housing.

Because we find that Plaintiffs have failed to meet the Article III standing requirements under the FHA, we need not reach the issue of whether they have statutory standing. And because Plaintiffs' FHA claims are deficient, their claims under the Connecticut Discriminatory Housing Practices Act fail as well. *See AvalonBay Cmtys., Inc. v. Town of Orange*, 775 A.2d 284, 307 (Conn. 2001) (stating that Connecticut courts use cases interpreting federal fair housing laws as guidance when analyzing state law housing discrimination claims despite differences between the statutes).

## II. The District Court Abused Its Discretion in Denying Leave to Amend

Plaintiffs also argue that even if dismissal was proper, the district court abused its discretion in not granting leave to amend. The district court denied leave to amend because Plaintiffs already had two opportunities to amend the pleading and, with the exception of a limited Title IX claim that remained for McNeil, amendment would be futile. *McNeil v. Yale Univ.*, 436 F. Supp. 3d 489, 538–39 (D. Conn. 2020). Plaintiffs argue they should have been granted leave to amend because neither of Plaintiffs' two prior amended complaints were made in response to the fraternity defendants' motion to dismiss. Plaintiffs also argue that it was

4

improper for the district court to assume futility without assessing a proposed amended complaint.

Although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given, a district court has discretion to deny a motion to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court may also deny leave to amend if the proposed amendment fails to state a cognizable claim and the amendment would therefore be futile. *Anderson News L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). We review the district court's denial of a request for leave to amend for abuse of discretion. *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions." *Anderson News*, 680 F.3d at 185. If the denial of leave to amend is on futility grounds, our review is de novo. *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

We have held that in the context of a dismissal under Rule 12(b)(1), "when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss the case with prejudice[,]' [and,] [a]s a result . . . that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice." *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (internal citation and alteration omitted) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)); *Liu v. United States Cong.*, 834 F. App'x 600, 606 (2d Cir. 2020). Here, dismissal should have been under Rule 12(b)(1) because it is for lack of Article III standing, and consequently dismissal should have been without prejudice. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016).

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. The district court was correct in determining that Plaintiffs had not alleged Article III standing under the FHA, but dismissal should have been without prejudice. The judgment is vacated, and the matter is remanded for proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit